# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3363

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Jermaine Neely, also known as UNC, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 10, 2010
Filed: May 14, 2010

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jermaine Neely appeals the 340-month sentence imposed by the district court[1] after Neely pleaded guilty to conspiring to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). Neely contends the 340-month sentence is substantively unreasonable because the district court declined to vary

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

downward from the advisory guideline range to eliminate the sentencing disparity between powder cocaine and crack cocaine offenses.

The record shows the district court considered Neely's request for a downward variance, but chose not to vary. As a consequence, we cannot conclude the resulting sentence is substantively unreasonable. See United States v. Davis, 583 F.3d 1081, 1099 (8th Cir. 2009) ("While the district court would have been within its discretion to consider the crack versus powder cocaine disparity in sentencing [the defendant], the district court certainly was not required to vary downward on this basis.").

We therefore affirm.

_____